**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CESAR JERONIMO GOMEZ, | No. 10-71486 |
| Petitioner, | Agency No. A071-579-210 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 24, 2011[**]

Before:     PREGERSON, THOMAS, and PAEZ, Circuit Judges.

Cesar Jeronimo Gomez, a native and citizen of Nicaragua, petitions for

review of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's ("IJ") decision denying his applications for a waiver of

inadmissibility under 8 U.S.C. § 1182(h) and for adjustment of status. Our

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction is governed by 8 U.S.C. § 1252. We review de novo questions of law, including due process claims, *Vargas-Hernandez v. Gonzales*, 497 F.3d 919, 921 (9th Cir. 2007), and we deny in part and dismiss in part the petition for review.

The IJ did not use an incorrect legal standard in concluding that Gomez's conviction under California Penal Code § 245(a)(1) constituted a "violent or dangerous crime" requiring him to meet a heightened hardship standard. *See* 8 C.F.R. § 1212.7(d); *Tokatly v. Ashcroft*, 371 F.3d 613, 621 (9th Cir. 2004) (the agency may "look to probative evidence outside the record of conviction in inquiring as to the circumstances surrounding the commission of a crime in order to determine whether a favorable exercise of discretion is warranted") (alterations and citation omitted). We lack jurisdiction to review the IJ's discretionary determination that Gomez's conviction constituted a violent or dangerous crime. *Mejia v. Gonzales*, 499 F.3d 991, 999 (9th Cir. 2007).

Gomez's contention that the IJ violated due process by considering impermissible factors and by disregarding some of his hardship evidence is not supported by the record.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**